# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RANDALL M. KING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. 5:19-CV-1693-CLS |
| | ) |
| **UNITED PARCEL SERVICE, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Randall M. King, is proceeding *pro se*. He commenced this action against his previous employer, United Parcel Service, Inc. ("UPS"),[1] and four of his former coworkers: *i.e.*, Sam Robinson, Ron Headley, Eric Moore, and Darrin Allen.[2] Plaintiff alleges claims of discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. 42 U.S.C. § 12101 *et seq*. ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").[3] The case presently is before the court on motions to dismiss filed by defendants Darrin Allen (doc. no. 10),[4] UPS (doc. no. 13), Sam Robinson (doc. no. 20), and Ron

---

[1] Plaintiff filed the complaint against "United Parcel Service." *See* doc. no. 1 (Complaint), at 2. As noted in the text, however, the company's proper name is "United Parcel Service, Inc."

[2] Doc. no. 4 (Plaintiff's First Amended Complaint).

[3] *Id.*

[4] Plaintiff misspelled Mr. Allen's given name as "Darren" in the original filing. *See* doc. no. 1 (Complaint), at 2. The proper spelling of Mr. Allen's first name is "Darrin." *See* doc. no. 10

Headley jointly with Eric Moore (doc. no. 23). The motions all contend that plaintiff has failed to state claims upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In addition, defendant UPS moves, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[5]

This court ordered plaintiff to file an amended complaint on October 22, 2019 because his initial complaint did not contain "a copy of all charges of discrimination filed with the Equal Employment Opportunity Commission (EEOC)."[6] Plaintiff filed his amended complaint on October 28, 2019.[7] Defendants then filed their motions to dismiss, beginning with Darrin Allen on February 6, 2020 (doc. no. 10), UPS on February 10, 2020 (doc. no. 13), Sam Robinson on February 25, 2020 (doc. no. 20), and Ron Headley together with Eric Moore on March 4, 2020 (doc. no. 23). Plaintiff filed his response on March 4, 2020, and that response contains a voluntary motion to dismiss plaintiff's claims against the individual defendants, without prejudice.[8] UPS filed its reply on March 11, 2020 (doc. no. 26), and all motions are now ripe for decision. Upon consideration of the pleadings and briefs, the court enters the following opinion and order.

---

(Allen's Motion to Dismiss).

[5] *See* doc. no. 13 (UPS Motion to Dismiss).

[6] Doc. no. 3 (Order directing plaintiff to file an amended complaint).

[7] Doc. no. 4 (Plaintiff's First Amended Complaint).

[8] Doc. no. 22 (Plaintiff's Motion to Dismiss Individual Defendants).

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S. at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, first and third bracketed alterations supplied, second and fourth bracketed alterations in original).

Further, parties who appear *pro se* are afforded a leniency not granted to those who are represented by counsel. *Cf., e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It

4

is settled law that the allegations of [a pro se complaint], 'however inartfully pleaded,' are held to 'less stringent standards than formal pleadings drafted by lawyers.'") (alteration supplied) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). *See also Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (same); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981) ("A pro se complaint, however inartfully drafted, must be held to less rigorous standards than the formal pleadings prepared by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Haines*, 404 U.S. at 520-21).

## II. DISCUSSION

Plaintiff's response to the defendants' motions to dismiss includes a motion to dismiss, without prejudice, all of plaintiff's claims against the individual defendants.[9] Federal Rule of Civil Procedure 41(a) allows a plaintiff to voluntarily dismiss claims prior to a defendant's filing of an answer or motion for summary judgment. Therefore, without further discussion, plaintiff's motion to dismiss is due to be granted, and all claims asserted against the individual defendants shall be dismissed.

The motion to dismiss filed by the remaining defendant, UPS, initially argues that plaintiff's claims for discrimination based upon race, color, religion, and retaliation should be dismissed because he failed to exhaust his administrative

---

[9] Doc. no. 22 (Plaintiff's Motion to Dismiss Individual Defendants), at 1.

remedies: that is, plaintiff did not assert those claims in the charges he filed with the EEOC. The court agrees. The copy of the charge of discrimination filed with the EEOC that plaintiff has presented to this court asserts only a claim of discrimination based upon his alleged disability.[10] Plaintiff's amended complaint mentions a second charge filed with the EEOC during April of 2019, alleging claims of discrimination based upon race, color, religion, and retaliation,[11] but he failed to file the proper documents supporting these charges with this court.[12] In addition, plaintiff failed to address that issue in his response to UPS's motion.[13]

The law is clear: a plaintiff is required to exhaust his administrative remedies before filing suit under Title VII in federal court. *See Reed v. Winn Dixie, Inc.*, 677 F. App'x. 607, 609-10 (11th Cir. 2017). The Eleventh Circuit's opinion in *Reed* provides that:

> Before filing suit in federal court under Title VII of the Civil Rights Act of 1964 . . . plaintiffs must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC. . . . The purpose of the exhaustion requirement is to give the EEOC the first opportunity to investigate the alleged discriminatory practices and attempt to obtain voluntary compliance and promote conciliation efforts.

*Id*. at 609-10 (ellipses supplied and citations omitted). Consequently, plaintiff's

---

[10] Doc. no. 4 (Plaintiff's First Amended Complaint), at 8.

[11] *Id.* at 11.

[12] Pursuant to this court's order entered on October 22, 2019 (doc. no. 3) plaintiff was adequately informed of his duty to file a "copy of all charges of discrimination filed with the Equal Employment Opportunity Commission (EEOC)."

[13] *See* doc. no. 22 (Plaintiff's Response to UPS's Motion to Dismiss).

claims for discrimination based on race, color, religion, and retaliation are due to be dismissed.

UPS next argues that plaintiff's claims under the ADA and FMLA should be dismissed because the facts alleged "are vague, amorphous, and do not establish a plausible claim."[14]  In the alternative, UPS contends that plaintiff should be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  Due to the leniency afforded a *pro se* plaintiff, this court opts for the alternative relief requested, and will allow plaintiff the opportunity to provide a more definite statement of his claims for discrimination under the ADA and FMLA.  Accordingly, UPS's motion for a more definite statement concerning plaintiff's claims under the ADA and FMLA will be granted.

For the reasons stated herein, it is ORDERED, ADJUDGED, and DECREED that plaintiff's motion to voluntarily dismiss the claims asserted against the individual defendants (doc. no. 22) should be, and the same hereby is, GRANTED, and plaintiff's claims against defendants Darrin Allen, Sam Robinson, Ron Headley, and Eric Moore are DISMISSED without prejudice.  Accordingly, the motions to dismiss filed by those same defendants (*i.e.*, doc. nos. 10, 20, and 23) are denied as moot.

Additionally, plaintiff's claims of discrimination based on race, color, religion, and retaliation under Title VII are DISMISSED without prejudice.  Finally, plaintiff

---

[14] Doc. no. 14 (UPS Brief in Support of Motion to Dismiss), at 2.

is ORDERED to file an amended complaint with a more definite statement regarding his claims against UPS under the ADA and FMLA on or before July 29, 2020.

**DONE** and **ORDERED** this 15th day of July, 2020.

_____
Senior United States District Judge